UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Russhel Morrison, ) | Crim. No.: 4:14-cr-00085-RBH-12 |
| ) | Civil Action No.: 4:19-cv-00401-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner's pro se [ECF No. 1043] motion to vacate pursuant to 28 U.S.C. § 2255.

On May 24, 2019, the government filed a motion for summary judgment arguing that Petitioner's motion is untimely. On May 30, 2019, a *Roseboro* Order was issued advising Petitioner that a motion to dismiss and/or for summary judgment had been filed and that her failure to respond could result in the dismissal of her case. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975). Petitioner filed a response to the government's motion. For the reasons stated below, the Court grants Respondent's motion for summary judgment, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice.[1]

## Procedural History

On September 9, 2014, Petitioner pled guilty to count one of the superseding indictment, which alleged conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. The presentence investigation report ("PSR") prepared by the U.S. Probation Office determined that Petitioner's

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

advisory sentencing guideline range was 27 to 33 months in prison based on a total offense level of 18 and criminal history category of I.

On January 29, 2015, Petitioner's bond was revoked and a bench warrant was issued based on her failure to report to her probation officer. Sometime after Petitioner's guilty plea but before her sentencing hearing, Petitioner voluntarily absconded and remained a fugitive until her arrest on the bench warrant on June 6, 2018. The Court held the matter in abeyance for over two years but sentenced Petitioner in her absence on November 21, 2017. Petitioner's counsel was present at the sentencing hearing.

Before sentencing, the Court provided notice of its intent to depart upward from the applicable sentencing guideline range based on Petitioner's prolonged fugitive status. On November 21, 2017, the Court sentenced Petitioner to a 120 month term of imprisonment followed by a 3 year term of supervised release. Judgment was entered on November 28, 2017.

As stated above, Petitioner was arrested on June 6, 2018, and began serving her 120 month term of imprisonment.

Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on or about February 11, 2019.

**Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is

2

otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Nonconstitutional claims may be brought pursuant to § 2255, but will not provide a basis for collateral attack unless the error involves a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct., 2235, 2240 (1979); *United States v. Morrow*, 914 F.2d 608, 613 (4th Cir. 1990).

A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (stating petitioner "cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion'"); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)*; Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), cert denied, 429 U.S. 863, 97 S. Ct. 169 (1976). An exception occurs where there has been an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2302 (1974). Additionally, where a defendant could have raised a claim on direct appeal but fails to do so, the claim may only be raised in a federal habeas proceeding if the defendant can show both cause for and actual prejudice from the default, *see Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or that she is actually innocent, *see Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

## **Discussion**

The government argues that Petitioner's motion to vacate is untimely and must be dismissed. The Court agrees.

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 by imposing a one-year statute of limitations period for the filing of any motion under this Section. Accordingly, the one-year period of limitation begins to run from the latest of the following

3

four dates:

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In appropriate cases, the Supreme Court has determined that the time limit for the filing of a habeas corpus petition is subject to equitable tolling. *Holland v. Florida*, 560 U.S.631 (2010). A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. , 161 L.Ed.2d 669 (2005). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 130 S.Ct. at 2563 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964)).

In this case, Petitioner did not file a direct appeal. An unappealed federal criminal judgment becomes final for purposes of § 2255 when the time for filing a direct appeal expires. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001); *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001) (Michael, J., concurring); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). The time for Petitioner to file a direct appeal from her criminal judgment expired on December 12, 2017, fourteen days after the judgment was entered. Therefore, Petitioner's judgment became final on

4

December 12, 2017. Petitioner's motion to vacate is untimely because it was filed more than one year after her conviction became final, and none of the other three potential triggering dates set forth in 28 U.S.C. § 2255(f) apply to this case. *See Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014). Petitioner has also failed to demonstrate a sufficient basis to warrant equitable tolling.

Petitioner contends the one year statute of limitations began to run when she was taken into custody on June 6, 2018. However, 28 U.S.C. § 2255(f) does not provide tolling for a fugitive who fails to exercise due diligence with regard to her right to file a § 2255 motion to vacate. Petitioner chose to flee and thereby chose to abandon all lawful challenges to her conviction. The Court will not reward Petitioner's choice to become a fugitive by extending the time limit for filing a § 2255 motion to vacate. Petitioner's motion to vacate is due to be dismissed as untimely.

Even if the Court were to consider Petitioner's motion to vacate on the merits, the government would be entitled to summary judgment. In ground one, Petitioner claims that because she voluntarily absconded, her guilty plea and plea agreement were voided and she now has the right to a trial. Ground one is without merit. Becoming a fugitive after pleading guilty does not entitle a defendant to withdraw his guilty plea. To hold otherwise would produce an absurd result and provide defendants with an incentive to flee after pleading guilty.

In ground two, Petitioner claims that she was denied due process when she was apprehended by the U.S. Marshals because she was not given the right to bail and was not brought before a tribunal. However, pursuant to 18 U.S.C. § 3143(b)(1), a defendant who has been found guilty and sentenced to a term of imprisonment is not entitled to bond except in certain unusual circumstances, which are not present here.

In ground three, Petitioner complains that she was not afforded the opportunity to speak nor

5

address the courts, the right to confront her accusers, or the opportunity to cross-examine any witnesses. Petitioner waived these rights by pleading guilty.

In ground four, Petitioner argues the Court violated the Federal Rules of Criminal Procedure when the Court sentenced Petitioner in her absence. Under Fed. R. Crim. P. 43(c)(1)(B), "[a] defendant who was initially present at trial, or who pleaded guilty…, waives the right to be present … in a noncapital case, when the defendant is voluntarily absent during sentencing… ." Petitioner pled guilty and was voluntarily absent during sentencing. After more than two years, the Court sentenced Petitioner in her absence. Petitioner waived her right to be present at sentencing.

For those reasons, Petitioner's motion to vacate under 28 U.S.C. § 2255 is due to be dismissed as untimely. Petitioner's motion to vacate also fails on the merits.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the reasons stated above, the government's [ECF No. 1065] motion for summary

6

judgment is **GRANTED** and Petitioner's pro se [ECF No. 1043] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**. The Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

June 18, 2019  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge